IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Larsen Law Offices, LLC, a Colorado Limited Liability Company,

    Plaintiff,

v.

David M. Larson d/b/a Larson Law Office,

    Defendant.

## COMPLAINT

Plaintiff Larsen Law Offices, LLC ("Larsen Law") for its complaint against Defendant David M. Larson d/b/a Larson Law Office alleges the following:

**I.      The Parties**

1. Plaintiff Larsen Law is a limited liability company organized and existing under the laws of the State of Colorado, having a principal place of business at 7071 Palisade Drive, Highlands Ranch, CO 80130, United States.

2. Larsen Law provides legal advice and services to both Colorado residents and residents of other states.

3. Upon information and belief, Defendant David M. Larson is an individual residing at 9749 Sunset Hill Dr., Lone Tree, CO 80124-6719.

4. Upon information and belief, Defendant David M. Larson is licensed to practice law in the State of Colorado.

5. Upon information and belief, Defendant David M. Larson is doing business as Larson Law Office with a principal business address at 88 Inverness Circle East, Building E, Suite 102, Englewood, CO 80112.

6. Upon information and belief, Defendant David M. Larson, doing business as Larson Law Office, provides legal advice and services to Colorado residents from his office in Englewood Colorado.

## II.   Jurisdiction and Venue

7. This is an action for trademark infringement, trademark counterfeiting, unfair competition, false designation of origin, and false advertising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*.; violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq*. ("CCPA"); and for common law trademark infringement and unfair competition under the laws of the State of Colorado.

8. The Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. The Court has original or supplemental jurisdiction over the subject matter of this action under the law of the State of Colorado under 28 U.S.C. §§ 1338(b) and 1367.

9. The Court has personal jurisdiction over the Defendant because he resides in Colorado and has routinely transacted business in this judicial district by offering legal advice and services in Colorado. Plaintiff's claims arise out of Defendant's past and ongoing tortious acts in this Judicial District and Plaintiff is being damaged in this Judicial District by Defendant's past and ongoing tortious activities.

10. Venue is proper in this Judicial District under 28 U.S.C. § 1391 because Defendant is offering counterfeit and infringing services in Colorado. In particular, Defendant's davidlarsonlawoffice.com website states "Larson Law Office is a Colorado law firm with years of successful experience in various areas of Federal and Colorado Laws." Ex. A.

### III.   General Allegations

A.   <u>Plaintiff's LARSEN Trademarks</u>

11. Larsen Law is the owner of the LARSEN LAW OFFICES and LARSEN LAW trademarks (the "LARSEN Marks").

12. Larsen Law has used its LARSEN LAW OFFICES mark to promote its legal services in Colorado and outside the state since 2003.

13. Larsen Law filed its Articles of Incorporation with Colorado Secretary of State on August 14, 2003. Ex. B.

14. Larsen Law has continuously used its LARSEN LAW mark since 2011 to promote its legal services in Colorado and outside the state.

15. Larsen Law registered its "Larsen Law, LLC" trade name with the Colorado Secretary of State on July 12, 2011. Ex. C.

16. The LARSEN Marks are distinctive and enforceable at common law.

17. Through its long use of the LARSEN Marks, Larsen Law has developed common law trademark rights in the LARSEN marks.

3

18. Larsen Law is known by the relevant consumers as LARSEN LAW and LARSEN LAW OFFICES.

19. The LARSEN Marks are recognized within the trade and by the relevant public and have built up extensive goodwill and secondary meaning.

20. The relevant consumers and members of the trade use the LARSEN Marks to identify Larsen Law and its legal services

21. Larsen Law has expended substantial effort and investment to build its goodwill in the LARSEN Marks. The goodwill associated with the LARSEN Marks is a valuable asset.

22. Through teaching and publications, Larsen Law has built a strong and valuable reputation in and beyond Colorado. Its principal, Susan Larsen, has taught CLEs for the Colorado Bar Association. She has been invited by NBI, Inc. a Wisconsin Company to teach national CLEs, and by the Douglas County School System to teach students about plagiarism and copyright law.

23. Ms. Larsen has earned four college degrees and is a published author. A paper she wrote on copyright law is used by the History Colorado (also known as the Colorado Historical Society) to teach their employees about copyright law. The History Colorado identifies and credits Ms. Larsen by name. The goodwill and reputation of the paper and its use has inured to the benefit of LARSEN Marks.

24. Since at least as early as 2007, Larsen Law has operated a website located at larsenlawoffices.com, targeted to U.S. consumers. The website prominently features the LARSEN Marks in connection with the promotion of its legal services. Ex. D.

25. Since 2003, Larsen Law has invested substantial sums in advertising, marketing and promoting the LARSEN Marks. That investment includes advertising and marketing through larsenlawoffices.com and consistent use of the LARSEN Marks on business cards, letterhead, invoices, paperweights, email signatures, notepads, and other marketing collateral to ensure consumers recognize the LARSEN Marks and associate them with Larsen Law's legal services.

B.  Defendant's Trademark Infringement

26. Larsen Law recently discovered that Defendant is offering legal services under a mark that is virtually identical name the LARSEN Marks, namely the Defendnat is using the LARSON LAW OFFICE mark. Ex. A.

27. Defendant is using the LARSON LAW OFFICE mark on his www.davidlarsonlawoffice.com website.

28. The davidlarsonlawoffice.com domain came into existence on July 31, 2013. Ex. E.

29. Larsen Law has not authorized Defendant to use the LARSEN Marks.

30. The Defendant's LARSON LAW OFFICE mark is confusingly similar to the LARSEN Marks.

31. The Defendant's LARSON LAW OFFICE is virtually *identical* to LARSEN LAW OFFICES and LARSEN LAW. The marks sound the same, look the same, and convey the same commercial impression.

32. The Defendant's legal services are both closely related and identical to Larsen Law' legal services.

33. Both Larsen Law and the Defendant provide advice to businesses and individuals, including advice on protecting assets.

34. Both Larsen Law and the Defendant market their competing services in the same channels of trade and render them in the same geographic territory.

C. Defendant's ongoing intentional and willful infringement.

35. On May 9, 2016, Larsen Law sent Defendant a notice letting informing Defendant he is infringing Larsen Law's trademark rights. Ex. F.

36. Larsen Law sent the letter via Priority U.S. Mail and by email to info@larsonlawoffice.com. *Id*.

37. The U.S. Post Office confirms the letter was delivered on May 11, 2016 at 1:52 pm. Ex. G.

38. Defendant has not responded to May 9, 2016 letter.

39. On May 28, 2016, Defendant was personally served a second notice letter informing him he is infringing Larsen Law's trademark rights. Ex. H, I.

40. Defendant has not responded to the letter served on May 28, 2016.

6

41. On May 31, 2016, Larsen Law emailed Defendant a courtesy copy of the letter that was served on May 28. Ex. J.

42. Despite four notices via U.S. mail, email, and personal service, Defendant intentionally and willfully continues to offer and promote his legal services using the LARSON LAW OFFICE mark.

IV. Claims

### First Claim for Relief
### Trademark Counterfeiting and Infringement
### 15 U.S.C. §§ 1114(1)(a), 1116, and 1117

43. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 42.

44. Plaintiff owns the LARSEN Marks.

45. Defendant is using, without the consent of Plaintiff, a reproduction, counterfeit, copy, or colorable imitation of one or more of the LARSEN Marks in connection with the promotion of legal services.

46. The Defendant's use of the reproduction, counterfeit, copy, or colorable imitation of one or more of the LARSEN Marks is likely to cause confusion or mistake, or to deceive consumers and therefore infringes Plaintiff's rights its LARSEN Marks.

47. Defendant intentionally continues to infringe Plaintiff's LARSEN Marks in connection with the offering of identical or extremely similar services as Plaintiff, with full knowledge of Plaintiff's superior rights, and with full knowledge that his unauthorized and infringing use of Plaintiff's LARSEN Marks is likely to cause

confusion, mistake or deception among consumers seeking legal services from Larsen Law. As such, Defendant's use of the counterfeit versions of the LARSEN Marks is willful, intentional and done with the knowledge that the marks were counterfeit marks, as defined in 15 U.S.C. § 1116(d).

48. Defendant is promoting and otherwise advertising, selling, and offering for sale counterfeit and infringing services using the LARSEN Marks.

49. Defendant's willful counterfeiting and infringing activities are likely to cause confusion, mistake, and deception among the relevant consumers as to the origin and quality of such products and constitutes trademark counterfeiting under 15 U.S.C. § 1114(1)(a).

50. As a result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer commercial harm.

51. Plaintiff has also been, and continue to be, irreparably harmed by Defendant's unlawful actions and have no adequate remedy at law.

52. As a result of Defendant's activities, Plaintiff has been damaged in an amount to be proved at trial.

**Second Claim for Relief**
**Federal Unfair Competition and False Advertising Under**
**15 U.S.C. §§ 1125(a)(l)(A) and (B)**

53. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 52.

54. Defendant's unauthorized use of Plaintiff's LARSEN Marks and confusingly similar variations thereof, on or in connection with Defendant's legal services is likely to cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into falsely believing that Defendant is affiliated, connected, or associated with Plaintiff.

55. Defendant's unauthorized use of Plaintiff's LARSEN Marks and confusingly similar variations thereof, on or in connection with Defendant's legal services, is likely to cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into believing that Plaintiff is: (i) the source or origin of Defendant's services; (ii) sponsoring Defendant's services; (iii) approving Defendant's services; or (iv) otherwise affiliated with Defendant's services.

56. Upon information and belief, the misleading use of Plaintiff's LARSEN Marks and confusingly similar variations thereof deceives and has a tendency to continue to deceive, a substantial segment of the relevant consumers.

57. Upon information and belief, the deception of the advertising is material, and has influenced, and will continue to influence, the purchasing decisions of potential consumers.

58. The deceptive use of Plaintiff's LARSEN Marks and confusingly similar variations thereof has injured, and is likely to continue to injure Plaintiff.

59. Defendant's counterfeit legal services are identical or closely related to Plaintiff's legal services.

60. Defendant has thus committed and is continuing to commit acts of unfair competition and false advertising in interstate commerce in violation of, *inter alia*, 15 U.S.C. §§ 1125(a)(1)(A) and (B).

61. Defendant's acts of unfair competition and false advertising have caused and will continue to cause damage and irreparable harm to Plaintiff, and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with its LARSEN Marks, unless enjoined and restrained by the Court.

62. Plaintiff has no adequate remedy at law. If Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its LARSEN Marks, goodwill, and reputation.

63. Defendant's unfair competition and false advertising is and was intentional, knowing, and willful.

64. As a result of Defendant's activities, Plaintiff has been damaged in an amount to be proved at trial.

**Third Claim for Relief**
**Deceptive Trade Practices Under the**
**Colorado Consumer Protection Act, C.R.S. §6-1-101** ***et seq***.

65. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 64.

66. Without Plaintiff's authorization, Defendant has identified and continues to knowingly identify his services as LARSON LAW OFFICE. Ex. A.

67. In the course of his business, Defendant has and continues to knowingly and wilfully pass off his services as those of Plaintiff.

68. In the course of his business, Defendant has and continues to knowingly make false representations as to the affiliation, connection, or association with Plaintiff.

69. Defendant's false representations on his websites are directed to the Colorado and national markets.

70. Defendant's actions have and do create a significant public impact on actual or potential consumers of Plaintiff's services.

71. Based on the foregoing, Defendant has engaged in deceptive trade practices as defined by the Colorado Consumer Protection Act, C.R.S. §§ 6-1-105(1)(a - d), (e) or (g) and Colorado common law.

72. As a result of Defendant's unlawful actions, Plaintiff has suffered commercial harm. Defendant has damaged and will continue to damage Plaintiff and its valuable LARSEN Marks causing irreparable harm for which Plaintiff has no adequate remedy at law.

73. Defendant's actions are and were intentional, knowing, and willful.

74. As a result of Defendant's activities, Plaintiff has been damaged in an amount to be proved at trial.

## Fourth Claim for Relief
## Cyber-Squatting Under 15 U.S.C. § 1125(d)

75. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 74.

76. Upon information and belief, Defendant has a bad faith intent to profit from his unauthorized use of Plaintiff's LARSEN Marks and confusingly similar variations.

77. Upon information and belief, Defendant uses the davidlarsonlawoffice.com domain name that at the time of registration was identical or confusingly similar to Plaintiff's LARSEN Marks.

78. Upon information and belief, Defendant intends to divert consumers from Plaintiff Larsen Law's website to Defendant's davidlarsonlawoffice.com website, which will harm the goodwill represented by Plaintiff's LARSEN Marks.

79. Defendant's actions have been for commercial gain and create a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the davidlarsonlawoffice.com website.

80. Defendant has committed and is continuing to commit acts of cybersquatting in violation of 15 U.S.C. § 1125(d).

81. Defendant's cyber-squatting has caused and will continue to cause damage and irreparable harm to Plaintiff. Unless enjoined by the Court, Defendant's cyber-squatting is likely to continue unabated, causing further damage and irreparable harm

to Plaintiff and the valuable goodwill symbolized by and associated with its LARSEN Marks.

82. Defendant's cyber-squatting is and was intentional, knowing, and willful.

83. As a result of Defendant's activities, Plaintiff has been damaged in an amount to be proved at trial.

## Fifth Claim for Relief
## Common Law Trademark Infringement and Unfair Competition

84. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 83.

85. Defendant's actions as described herein have caused and are likely to cause confusion with Plaintiff's established and superior rights and otherwise unfairly compete with Plaintiff. The consuming public is likely to be deceived by Defendant's use of Plaintiff's LARSEN Marks and confusingly similar variations.

86. Defendant's conduct constitutes trademark infringement and unfair competition under Colorado common law.

87. Defendant's acts of trademark infringement and unfair competition have caused and will continue to cause damage and irreparable harm to Plaintiff, and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with its LARSEN Marks, unless enjoined and restrained by the Court.

88. Plaintiff has no adequate remedy at law. If Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its LARSEN Marks, goodwill, and reputation.

89. Defendant's trademark infringement and unfair competition is and was knowing and willful.

90. As a result of Defendant's activities, Plaintiff has been damaged in an amount to be proved at trial.

V.   **Prayer for Relief**

91. WHEREFORE, Plaintiff Larsen Law Offices, LLC respectfully request that the Court enter judgment against Defendant David M. Larson as follows:

    a. That the Court enter a preliminary injunction during the pendency of this action, and a permanent injunction thereafter restraining Defendant and his respective employees, partners, officers, directors, agents, representatives, attorneys, successors, and assigns, and all persons in active concert or participation with any of them, from:

        i. any further use of the LARSON LAW OFFICE mark;

        ii. directly or indirectly using the LARSEN LAW OFFICES and LARSEN LAW Marks or any confusingly similar mark;

    iii.  using any unauthorized copy or colorable imitation of the LARSEN Marks in such fashion as is likely to relate or connect Defendant with Larsen Law;

    iv.  using any false designation of origin or false advertising which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any services advertised, promoted, offered, or sold by Defendant's is sponsored, endorsed, connected with, approved, or authorized by Larsen Law;

    v.  causing a likelihood of confusion or injury to Larsen Law's business reputation and the distinctiveness of the LARSEN LAW mark by unauthorized use of a confusingly similar word or design;

    vi.  engaging in any other conduct constituting unfair competition with Plaintiff, or violation of the Colorado Consumer Protection Act;

    vii.  filing applications with the U.S. Patent and Trademark Office or other governmental entities to register such marks or registering domain names incorporating such marks or from otherwise infringing the distinctive nature of Larsen Law's LARSEN Marks, and

    viii.  assisting, aiding or abetting another person or business entity in engaging or performing nay of the activities enumerated is subparagraphs (i) through (vii) above;

b. That Defendant to destroy or remove from any and all signs, brochures, advertisements, stationery, leaflets, and other items in his possession, or under his control, upon which appear or reflect the LARSON LAW OFFICES mark, and/or any confusingly similar variations of Larsen Law's LARSEN Marks;

c. That Defendant file with the Court and serve upon Larsen Law within 30 days of the entry of injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with any ordered injunction;

d. That Defendant transfer and assign to Larsen Law the registration for the domain name davidlarsonlawoffice.com and any other registrations for any domain names confusingly similar to Larsen Law's LARSEN Marks;

e. That Defendant cease further infringing the LARSEN Marks and damaging Larsen Law's goodwill;

f. That the Court enter a judgment finding that Defendant has infringed and willfully infringed Larsen Law's LARSEN Marks;

g. That the Court enter a judgment finding that Defendant has engaged in unfair competition, and false advertising by willfully using Larsen Law's LARSEN Marks;

h. That the Court enter a judgment finding that Defendant has committed cyber-squatting by willfully using Larsen Law LARSEN Marks;

    i. That the Court enter a judgment finding that Defendant's engaged in deceptive trade practices;

    j. That the Court order Defendant to account for and pay to Larsen Law all profits realized by Defendant from his infringement of or upon Larsen Law's LARSEN Marks, his false advertising, his acts of unfair competition, his acts of cyber-squatting, and his acts of deceptive trade practices;

    k. That the Court order Defendant's to pay Larsen Law such damages as Larsen Law has sustained;

        i. as a result of Defendant's infringement of and upon Larsen Law's LARSEN Marks;

        ii. as a result of Defendant's actions of unfair competition;

        iii. as a result of Defendant's false advertising;

        iv. as a result of Defendant's cyber-squatting; and

        v. as a result of Defendant's deceptive trade practices;

    l. That the Court order Defendant to pay Larsen Law its costs and expenses incurred in and related to this action;

    m. That the Court order that this is an "exceptional case" and order Defendant to pay Larsen Law's reasonable attorneys' fees; and

n.  That the Court find that circumstances and actions of Defendant's conduct in intentionally and knowingly using a counterfeit mark sufficient to enter a judgment for three times such profits and damages, whichever is greater, together with a reasonable attorney's fee and prejudgment interest pursuant to 15 U.S.C. § 1117(b);

o.  That the Court may alternatively order at the election of Larsen Law, Defendant to pay to Larsen Law statutory damages under 15 U.S.C. §1117(c) of not less than $1,000 or more than $200,000 per counterfeit mark per type of services sold or offered for sale per counterfeit mark per type of services.

p.  That the Court may alternatively order at the election of Larsen Law, if the court finds that the use of the counterfeit mark was willful, Defendant to pay to Larsen Law statutory damages under 15 U.S.C. §1117(c) of not more than $2,000,000 per counterfeit mark per type of services sold or offered for sale per counterfeit mark per type of services.

q.  That the Court order Defendant to pay Larsen Law's statutory damages under 15 U.S.C. §1117(d) of not less than $1,000 and up to $100,000 per domain name as the Court considers just; and

r.  That the Court award such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted June 14, 2016,

          s/ Scott E. Brenner
          Scott E. Brenner
          Thomas P. Howard
          William C. Groh
          Vandana Koelsch
          Thomas P. Howard, LLC
          842 W South Boulder Rd., #100
          Louisville, CO 80027
          303-665-9845
          303-665-9847
          thoward@thowardlaw.com