IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01449-RBJ

LARSEN LAW OFFICES, LLC, a Colorado Limited Liability Company,

    Plaintiff and Counterclaim-Defendant,

v.

DAVID M. LARSON d/b/a LARSON LAW OFFICE,

    Defendant and Counterclaim-Plaintiff.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The scheduling conference in the above case was held on October 6, 2016 at 3:30 p.m. in the Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, Denver, Colorado, Courtroom A938, Judge R. Brooke Jackson's chambers. Appearing for the parties were:

For Plaintiff, Larsen Law Offices, LLC ("Plaintiff" or "Larsen Law Offices"),

    Thomas P. Howard, Esq.
    Thomas P. Howard, LLC
    812 W. South Boulder Rd., Suite 100
    Louisville, CO 800027
    Phone: 303-665-9845

For Defendant and Counterclaim-Plaintiff:

    Richard B. Wynkoop, Esq.
    Wynkoop Law Office, P.L.L.C.
    3705 Kipling Street, Suite 201
    Wheat Ridge, CO 80033
    (720) 855-0451

David M. Larson, Esq.
David M. Larson, PLLC
88 Inverness Circle East, Suite E-102
Englewood, CO 80112
(303) 799-6895

2. **STATEMENT OF JURISDICTION**

Jurisdiction is based on 28 U.S.C. §§ 1331, 1338(a) and 1338(b) because this matter involves a federal question arising under the trademark laws of the United States. This Court also has jurisdiction pursuant to the Lanham Act, 15 U.S.C. §1121, and the Plaintiff asserts that the Court has federal supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

3. **STATEMENT OF CLAIMS AND DEFENSES**

a. Plaintiff: Larsen Law Offices:

This is an action for trademark infringement, unfair competition, false designation of origin and false advertising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*; and for common law trademark infringement and unfair competition under the laws of the State of Colorado.

Plaintiff has been using the common law trademark "LARSEN LAW OFFICES" in commerce to promote its legal services in Colorado and outside the state since 2003. Plaintiff has been using the common law trademark "LARSEN LAW" in commerce to promote its legal services in Colorado and outside the state since 2011 (the "LARSEN LAW OFFICES Marks"). The LARSEN LAW OFFICES Marks are distinctive and enforceable at common law. Through the long use of the LARSEN LAW OFFICES Marks in commerce, Plaintiff has developed common law trademark rights in the LARSEN LAW OFFICES marks. Plaintiff is known to relevant consumers as LARSEN LAW and LARSEN LAW OFFICES. The LARSEN LAW

OFFICES Marks are recognized within the trade and by the relevant public and have built up extensive goodwill and secondary meaning. The relevant consumers and members of the trade use the LARSEN LAW OFFICES Marks to identify Plaintiff and its legal services. Plaintiff has expended substantial effort and investment to build its goodwill in the LARSEN LAW OFFICES Marks. That investment includes advertising and marketing through larsenlawoffices.com and consistent use of the LARSEN LAW OFFICES Marks on business cards, letterhead, invoices, paperweights, email signatures, notepads, and other marketing.

Plaintiff's extensive efforts have made Plaintiff's http://larsenlawoffices.com domain and website a highly optimized and frequently visited location for parties seeking legal assistance. The goodwill associated with that domain and website makes the LARSEN LAW OFFICES Marks a valuable asset.

Beginning in 2013, Defendant without license or permission began using an infringing "Larson Law Office" mark in commerce, in multiple locations. Specifically, Defendant began using a legal website at www.davidlarsonlawoffice.com, as well as the second domain www.larsonlawoffice.com which redirected consumers to www.davidlarsonlawoffice.com. The website www.davidlarsonlawoffice.com bore the header and footer "Larson Law Office". The website www.davidlarsonlawoffice.com advertised legal services similar to that of Plaintiff. Written into the source code of the www.davidlarsonlawoffice.com website as a search engine keyword was the word "larsonlawoffice". These actions cause initial interest confusion to consumers and cause injury to Plaintiff.

Plaintiff provided repeated written and electronic notice to Defendant requesting that he cease and desist from his actions. All letters were ignored, forcing the filing of this lawsuit.

Plaintiff denies Defendant's counterclaim as without merit, and respectfully requests that said counterclaim be dismissed. Plaintiff incorporates all defenses stated in its response as though stated herein.

b. Defendant and Counterclaim Plaintiff:Defendant denies Plaintiff's claims and denies that the Plaintiff is entitled to any relief or damages. Defendant requests that the Court dismiss the Plaintiff's claims with prejudice and award the Defendant his costs and attorney's fees. Defendant has also asserted a counterclaim against the Plaintiff for declaratory relief and requests that the Court enter an Order that the Defendant has not violated any laws, that the Plaintiff has not established that "Larsen Law", "Larsen Law, LLC", "Larsen Law Offices" and "Larsen Law Offices, LLC" have any statutory or common law trademark protection, judgment in favor of the Defendant and against the Plaintiff, an award of Defendant's costs and attorney's fees, an injunction prohibiting the Plaintiff from further threats and harassment and all other and further relief as the Court deems just and proper.

### 4. UNDISPUTED FACTS

There are no undisputed facts.

### 5. COMPUTATION OF DAMAGES

Plaintiff: Without the benefit of discovery the Plaintiff is not yet able to specifically calculate its damages. That said, the Plaintiff seeks the following categories of damages in this matter, without limitation and subsequent to supplement:

a. That Defendant and all of Defendant's agents, servants, employees, and attorneys and all other persons in active concert or participation with him who receives actual notice of the

injunctions issued in this matter be preliminarily and permanently enjoined from the following actions, unless they receive permission or license from Plaintiff:

    1. Using Plaintiff's LARSEN LAW OFFICES or LARSEN LAW trademarks or derivations thereof, or any trademarks confusingly similar thereto, in any manner, including but not limited to using as text within a website or written advertisement, as a search engine keyword, within a "sponsored link" advertisement, within a website metatag, in an offering for sale, or in any other way, manner or form.

    2. Otherwise deceptively or unfairly competing with Plaintiff.

b. That Defendant be ordered to disclose to the Court and to Plaintiff:

    1. All keywords related to any website operated by Defendant containing the trademarks LARSEN LAW OFFICES or LARSEN LAW, or any derivation thereof including but not limited to LARSONLAWOFFICE, LARSONLAW or DAVIDLARSONLAWOFFICE currently or previously published by themselves or his employees, contractors, agents, assignees, or other parties and within his control via any website, written advertisement, search engine keyword, "sponsored link" advertisement or website metatag, or any other way, manner or form;

    2. All current or previous publications of the LARSEN LAW OFFICES or LARSEN LAW Marks, or any derivations thereof, including but not limited to LARSONLAWOFFICE, LARSONLAW, or DAVIDLARSONLAWOFFICE, by Defendant or his employees, contractors, agents, assignees, or other parties within their control;

    3. All domain name registrations for marks containing the LARSEN LAW OFFICES or LARSEN LAW Marks, or any derivations thereof, including but not limited to

LARSONLAWOFFICE, LARSONLAW, or DAVIDLARSONLAWOFFICE, owned or registered by Defendant or their employees, contractors, agents, assignees; and

    4.  All metatags related to any website operated by Defendant or their employees, contractors, agents, assignees, or other parties within their control that contain Plaintiff's LARSEN LAW OFFICES or LARSEN LAW Marks, or any derivations thereof, including but not limited to LARSONLAWOFFICE, LARSONLAW, or DAVIDLARSONLAWOFFICE.

  c.  That Plaintiff be awarded damages in an amount to be determined at trial based on Defendant's dilution of Plaintiff's marks, Defendant's infringement of Plaintiff's marks and Defendant' false designations of origin, descriptions and representations;

  d.  That Plaintiff be awarded damages and restitution in an amount to be determined at trial under 15 U.S.C. §1117(a) for the total profits received by Defendant, and from any damages sustained by Plaintiff, as a result of Defendant' actions;

  e.  That Plaintiff be awarded enhanced damages, up to three times the amount found as actual damages for Defendant's willful trademark infringement and false descriptions of origin, descriptions, and representations;

  f.  That Plaintiff be awarded its reasonable attorney's fees and costs of suit pursuant to statute arising from Defendant's willful acts, as this is an exceptional case arising from Defendant's oppressive, fraudulent and malicious acts of infringement, false designations of origin and unfair competition;

  g. That Defendant be ordered to make a written report within a reasonable period, to be filed with the Court, detailing the manner of Defendant's compliance with the requested injunctive and mandatory relief above;

  h. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

  Defendant: Defendant seeks its attorney's fees, costs and expenses.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

  a. The Rule 26(f) meeting was held on September 9, 2016.

  b. The participants in the meeting were Thomas P. Howard, counsel for Susan Larsen, Richard B. Wynkoop, counsel for David M. Larson, and Mr. Larson.

  c. The parties have agreed to exchange their initial Rule 26(a)(1) disclosures no later than September 30, 2016.

  d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): None.

  e. Statement concerning any agreements to conduct informal discovery: There are no agreements to conduct informal discovery.

  f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified numbering system: The parties will use a unified numbering system for deposition exhibits and for trial exhibits.

  g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: For those materials

that the parties reasonably believe are potentially discoverable under Rule 26(b)(1) in this action, the parties agree to proceed in good faith and take the necessary steps to: (i) preserve electronically stored information ("ESI"); (ii) facilitate discovery of ESI; (iii) take all relevant steps to limit associated discovery costs and delays; (iv) avoid discovery disputes relating to electronic discovery; and (v) address claims of privilege or of protection as to preparation of materials after production of computer-generated records.

      h.      Statement summarizing the parties' discussion regarding the possibilities for promptly settling or resolving the case: The parties have begun discussions regarding the possibility of promptly settling or resolving the case, and will explore a possible settlement following the exchange of Rule 26(a) disclosures.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

      a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules. The parties do not request any modifications to the presumptive number of depositions or interrogatories established by the Federal Rules and accordingly request ~~10~~ 5 depositions per side and 25 interrogatories per side with the ability to seek additional depositions and interrogatories as necessary based on the number of individuals and/or companies disclosed and/or identified in response to discovery requests as the case progresses.

      b.      Limitations which any party proposes on the length of depositions. Each deposition is limited to one day of ~~seven~~ 4 hours, as provided in Fed. R. Civ. P. 30(d)(1). [handwritten: except up to 7 hours of each Larsen party]

  c. Limitations which any party proposes on the number of requests for production and/or requests for admission. The parties jointly propose that each side may propound no more than twenty-five (25) total requests for production and no more than twenty-five (25) total requests for admission.

  d. Other Planning or Discovery Orders. None.

### 9. CASE PLAN AND SCHEDULE

  a. Deadline for Joinder of Parties and Amendment of Pleadings: November 10, 2016.

  b. Discovery Cut-off: April 21, 2017.

  c. Dispositive Motion Deadline: May 26, 2017.

  d. Expert Witness Disclosure

    1. Anticipated fields of expert testimony:

     (1) Plaintiff anticipates proffering expert testimony on the following topic(s): (i) likelihood of confusion; and (ii) damages.

     (2) Defendant anticipates proffering expert testimony on the following topics: (i) likelihood of confusion; and (ii) damages.

    2. Each side is limited to three expert witnesses.

    3. The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 13, 2017.

    4. The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 17, 2017.

  e. Identification of Persons to Be Deposed:

  (1) Plaintiff expects to take the deposition of the following persons:

    (a) David M. Larson on a date to be determined;

    (b) Additional fact witnesses to be determined;

    (c) Defendant's experts, if any, pending receipt of expert reports.

  (2) Defendant expects to take the depositions of the following persons:

    (a) Susan J. Larsen in her individual capacity.

    (b) Fed.R.Civ.P. 30(b)(6) Designee(s) for Larsen Law Offices, LLC.

    (c) Individual(s) and/or corporate entity(s) who were confused and/or mistaken by Defendant's advertising.

    (d) Actual and/or potential consumers of Plaintiff's services.

 f. Deadline for Interrogatories: shall be propounded by March 3, 2017.

 g. Deadline for Requests for Production of Documents and/or Admissions: shall be propounded no later than March 3, 2017.

**10. DATES FOR FURTHER CONFERENCES**

 a. Status conferences will be held in this case at the following dates and times: _____.

 b. A final pretrial conference will be held in this case on 7/6/17 at 9:00 am o'clock __ m. ~~A Final Pretrial Order shall be prepared by the parties~~ and submitted to the Court ~~no later than seven (7) days before the final pretrial conference.~~

**11. OTHER SCHEDULING MATTERS**

    a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:

    None.    8/21/17

    b.    The parties anticipate the trial to the Court in this matter will require three (3) days.

    c.    No pretrial proceedings may be more efficiently or economically conducted in the District Court's facilities other than the Alfred A. Arraj Courthouse in Denver, Colorado.

    d.    The parties will submit a joint motion for entry of a stipulated protective order pursuant to Rule 502(d) of the Federal Rules of Evidence.

    e.    The parties will submit a proposed Stipulated Protective Order prior to the date of the Scheduling Conference.

## 12. NOTICE TO COUNSEL

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar with, and to comply with, the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 6th day of October, 2016.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

APPROVED:

/s/Thomas P. Howard
Thomas P. Howard
Scott E. Brenner
William C. Groh, III
Vandana Koelsch
Thomas P. Howard, LLC
842 W. South Boulder Rd., Suite 100
Louisville, CO 80027
Email: thoward@thowardlaw.com

*Attorneys for Plaintiff and Counterclaim Defendant Susan Larsen*

/s/ Richard B. Wynkoop
Richard B. Wynkoop, Esq.
Wynkoop Law Office, P.L.L.C.
3705 Kipling Street, Suite 201
Wheat Ridge, CO 80033
(720) 855-0451
rickwynkoop@yahoo.com
Attorney for Defendant and Counterclaim Plaintiff

APPROVED:

/s/Thomas P. Howard
Thomas P. Howard
Scott E. Brenner
William C. Groh, III
Vandana Koelsch
Thomas P. Howard, LLC
842 W. South Boulder Rd., Suite 100
Louisville, CO 80027
Email: thoward@thowardlaw.com

*Attorneys for Plaintiff and Counterclaim Defendant Susan Larsen*

/s/ Richard B. Wynkoop
Richard B. Wynkoop, Esq.
Wynkoop Law Office, P.L.L.C.
3705 Kipling Street, Suite 201
Wheat Ridge, CO 80033
(720) 855-0451
rickwynkoop@yahoo.com
Attorney for Defendant and Counterclaim Plaintiff