IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 16-cv-001449-RBJ

LARSEN LAW OFFICES, LLC, a Colorado Limited Liability Company,

 Plaintiff,

v.

DAVID M. LARSON d/b/a Larson Law Office, and
DAVID M. LARSON, PLLC,

 Defendants.

## ORDER

 This order addresses defendant David M. Larson's partial motion to dismiss [ECF No. 14] and motion for a protective order [ECF No. 31].  The Court grants the motion to dismiss, *sua sponte* orders that the case be bifurcated into a liability phase followed, if necessary, by a damages phase, and denies the motion for a protective order but stays the discovery at issue in that motion.

## BACKGROUND

 Two lawyers, both alike in dignity, in fair Colorado, share similar surnames.  *See* William Shakespeare, Romeo and Juliet act 1, prologue.  Plaintiff Larsen Law Offices, headed by Susan Larsen, has used its name since 2003.  ECF No. 34 at ¶¶ 12, 22.  David M. Larson did business under the name Larson Law Office for several years.  *Id.* ¶ 26.  He registered the website davidlarsonlawoffice.com in 2013.  *Id.* ¶ 28.  Three years later, plaintiff noticed Mr. Larson's

1

website and sent him a cease-and-desist letter, demanding that he stop using the name Larson Law Office.  ECF No. 34, Ex. F, at 1, 5.  Mr. Larson did not respond to this or any follow-up letter, and plaintiff filed suit.  ECF No. 34 at ¶¶ 43–51.

Mr. Larson submitted an answer and a counterclaim, seeking declaratory judgment that he may continue to use the name Larson Law Office.  ECF No. 13.  That same day he filed a partial motion to dismiss.  ECF No. 14.  Plaintiff's response to this motion withdrew two of its claims and noted that Mr. Larson's website has removed all references to Larson Law Offices, instead identifying his business as David M. Larson, PLLC.  ECF No. 17 at 7 n.2.

Plaintiff subsequently moved to amend its complaint to formally retract the two claims, bring in defendant David M. Larson, PLLC, and cover a second website operated by Mr. Larson—larsonlawoffice.com—which hosts the same content as davidlarsonlawoffice.com.  ECF No. 25 at 1.  The Court granted the motion to amend and offered defendants the opportunity to supplement the motion to dismiss rather than refile it.  ECF No. 33.  Defendants opted not to supplement the motion, but submitted an updated answer and counterclaim.  *See* ECF No. 36.

Defendant Mr. Larson has also moved for a protective order to forbid or limit discovery of his financial information.  ECF No. 31.

The motion to dismiss and motion for a protective order are now ripe.  *See* ECF Nos. 21, 35.

## STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true, *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See Twombly*, 550 U.S. at 556. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

## ANALYSIS

Defendant Mr. Larson seeks dismissal of plaintiff's cybersquatting claim and a protective order for his personal financial information. The Court will address each issue in turn.

### A. <u>Cybersquatting</u>.

Under the Anticybersquatting Consumer Protection Act, a defendant may be liable to the owner of a mark if he "has a bad faith intent to profit from that mark" and registers or uses an Internet domain name that, "in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark." 15 U.S.C. § 1125(d)(1)(A) (2012). The Act supplies several factors that a court may consider in determining whether a person has "bad faith intent," including: "the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person," and

"the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services." *Id.* § 1125(d)(1)(B)(i).

Plaintiff contends that Mr. Larson has registered and used the websites davidlarsonlawoffice.com and larsonlawoffice.com with bad faith intent to profit from possible confusion with plaintiff's business. In plaintiff's view, the mere fact that Mr. Larson registered these websites years after plaintiff began doing business as Larsen Law Offices "support[s] the reasonable inference that [Mr. Larson], when he registered the domain names, knew of Plaintiff's practice and her [sic] superior rights in the LARSEN LAW OFFICES marks." ECF No. 17 at 5. Plaintiff continues: "Any Google search for Colorado attorneys would have brought up Plaintiff's name, for which reason it is plausible if not likely that Defendant was aware of Plaintiff and her [sic] superior rights in the LARSEN LAW OFFICES marks." *Id.* Plaintiff also argues that Mr. Larson acted in bad faith by failing to respond to plaintiff's demand letters. *Id.* at 6.

These arguments are not enough to overcome the motion to dismiss. Plaintiff does not allege that Mr. Larson had actual knowledge of Larsen Law Offices' existence in 2013, or that he has ever conducted a Google search that returned plaintiff's name. *See* ECF No. 34. Instead, plaintiff urges the Court to infer that Mr. Larson had such knowledge based merely on his registering and using his websites, even though it is equally likely—if not more likely—that Mr. Larson took these actions because he did not know about Larsen Law Offices. The Court cannot infer wrongful motive based on ambiguous behavior. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks

4

omitted)).  Additionally, plaintiff cites no authority for its position that failure to respond to demand letters reveals bad faith.  *See* ECF No. 17 at 6–8.  This, too, is ambiguous behavior that does not necessarily indicate bad faith, although it might suggest that Mr. Larson needs a lesson in common courtesy.  Mr. Larson might have considered these cease-and-desist letters to be frivolous and unworthy of a response, especially considering plaintiff has already withdrawn two of its five claims voluntarily.  *See id.* at 1.

Moreover, the only statutory factors implicated by plaintiff's factual allegations cut against its argument that Mr. Larson acted in bad faith.  In particular, the websites davidlarsonlawoffice.com and larsonlawoffice.com both consist of a descriptive component ("law office") and Mr. Larson's name.  *See* 15 U.S.C. § 1125(d)(1)(B)(i)(II).  And Mr. Larson has apparently used these marks for years in connection with his legitimate business.  *Id.* § 1125(d)(1)(B)(i)(III).  Plaintiff does not allege, for example, that Mr. Larson has offered to sell these websites to plaintiff for profit or that he falsified registration information in obtaining the domain names.  *See* ECF No. 34; 15 U.S.C. § 1125(d)(1)(B)(i)(VI)–(VII).

Plaintiff has failed to plead a facially plausible claim for cybersquatting after being given the opportunity to amend its complaint, so the motion to dismiss must be granted.

### B. Protective Order.

Next, Mr. Larson moves for a protective order to forbid or limit the discovery of his personal financial information.  ECF No. 31.  He argues that the discovery request was intended "to annoy, embarrass and oppress" him, and that the information is irrelevant because "Plaintiff is not asserting or seeking any actual damages in this case."  *Id.* at 2.

Mr. Larson might be right that plaintiff served this discovery request to harass him, but one of plaintiff's nineteen demands asks for disgorgement of "all profits realized while and arising from" defendants' alleged wrongdoing. *See* ECF No. 34 ¶ 89(j). As a result, plaintiff's discovery request might be relevant to establishing damages.

But I am not going to let plaintiff go digging in the books of what plaintiff asserts is a competitor when its case is hanging by a thread. Rule 42(b) of the Federal Rules of Civil Procedure allows a court to order a separate trial of one or more distinct issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Courts have broad discretion in determining whether to bifurcate issues for trial. *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1285 (10th Cir. 1999). While bifurcation "is not to be routinely ordered," it is appropriate in situations "where experience has demonstrated its worth." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993) (quoting Fed. R. Civ. P. 42(b) advisory committee's note).

Bifurcating the issues of liability and damages is appropriate here. Plaintiff has already obtained most of the relief it seeks: Mr. Larson has changed his business's name and removed all potentially infringing language from his websites. *See* ECF No. 34 ¶ 58. But plaintiff forges ahead simply because defendants continue to use the websites davidlarsonlawoffice.com and larsonlawoffice.com. *See id.* ¶ 59. The former domain name uses Mr. David Larson's first and last name, casting doubt on the claim that this website could be confused with the site for Ms. Susan Larsen's firm. And plaintiff did not notice this website for the first three years of the site's existence, suggesting that Mr. Larson's legitimate business activities did not actually harm plaintiff. *See* ECF No. 34, ¶ 28; ECF No. 34, Ex. F, at 1. As for the latter domain name,

6

plaintiff's exhibit shows that while Mr. Larson began using this website in 2016, the site has been used by others since 2001, if not earlier—at least two years before Larsen Law Offices was formed.  *See* ECF No. 34, Ex. K.  Furthermore, plaintiff uses the plural "offices" in its name and website despite having only one office, possibly because larsenlawoffice.com is used by yet another attorney whose last name is Larsen.  ECF No. 14 at 2 n.1; *see also* Larsen Law Office PLLC, http://larsencriminaldefense.com/ (redirected from larsenlawoffice.com).  Thus, plaintiff might have some issues of its own.

I cannot say that it is completely inconceivable that plaintiff could prevail in the end. However, plaintiff is going to have to show me that defendant is liable for disgorgement of profits before his books become fair game.  Since this is a bench trial case, bifurcation is easy to accomplish as a practical matter.

**ORDER**

1. Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 14] is GRANTED.

2. Defendant's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c)(1) [ECF No. 31] is DENIED.

3. Trial in this case shall be bifurcated with the issue of liability to be determined first.

4. Discovery on the issue of damages (disgorgement of profits) is stayed, including, but not limited to, Plaintiff's Interrogatory No. 8 and Requests for Production Nos. 10, 11, and 12.

5. If necessary, the stay on discovery shall be lifted and the second phase of the trial on the issue of damages shall be scheduled after the conclusion of the liability phase.

DATED this 14th day of March, 2017.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge